IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **PAMELA and RICHARD HICKS,** *and* **RESURRECTION KINGDOM CENTER, INC.** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) Civil Action, Case No.:   5:23CV-19-BJB ) |
| **SHERIFF RONNIE GILES,** *individually and in his official capacity*; **BALLARD COUNTY FISCAL COURT; BALLARD COUNTY ASSISTANT ATTORNEY AMANDA BRANHAM,** *in her official capacity*; **NEW COVENANT COMMUNITY CHURCH, INC.; KATIE RAMBEAU,** *individually*; **JACQUELINE HOGANCAMP,** *individually*; **DAVID COPELAND,** *individually*; and **MARY K. COPELAND,** *individually*, | ) ) ) ) ) ) **JURY DEMAND** ) ) ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT

COME NOW the Plaintiffs, Pamela Hicks, Richard Hicks, and Resurrection Kingdom Center, Inc. (collectively "the Hicks"), by and through their undersigned counsel, and, for their Complaint, state as follows:

### NATURE OF THE COMPLAINT

1.  This is a civil action arising under the laws of the United States and is brought for unlawful taking of property in violation of the Fifth Amendment to the United States Constitution via 42 U.S.C. § 1983, for conspiracy to deprive Plaintiffs of their civil rights in violation of the Fourteenth Amendment of the United States Constitution via 42 U.S.C. § 1985(3), for violation of

Kentucky's statutory protection of religious freedom, Ky. Rev. Stat. § 446.350, and for violation of Kentucky's common law of fraud, conversion, and civil conspiracy.

## THE PARTIES

2. Plaintiffs Pamela Hicks and Richard Hicks were, at all relevant times, residents of LaCenter, Kentucky who suffered the assorted violations described herein at the hands of the Defendants.

3. Plaintiff Resurrection Kingdom Center, Inc. is a Kentucky non-profit corporation directed by Plaintiffs Pamela Hicks and Richard Hicks, that suffered the assorted violations described herein at the hands of the Defendants.

4. Defendant Sheriff Ronnie Giles was, at all relevant times, the sheriff of Ballard County, Kentucky. Defendant Giles may be served at 437 Ohio Street, Wickliffe, KY 42087.

5. Defendant Ballard County Fiscal Court is a political subdivision of the Commonwealth of Kentucky with its principal place of business located at 437 Ohio Street, Wickliffe, KY 42087. Its registered agent for service of process is Ballard County Judge Executive Todd Cooper, who may be served at 437 Ohio Street, Wickliffe, KY 42087.

6. Defendant Amanda Branham was, at all relevant times, the Assistant County Attorney of Ballard County, Kentucky. Defendant Branham may be served at the Ballard County Courthouse, 132 North 4th St., P.O. Box 530, Wickliffe, KY 42087.

7. Defendant New Covenant Community Church, Inc. is a Kentucky non-profit corporation with its principal place of business located at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056. Its registered agent is New Covenant Community Church, Inc., which may be served at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056.

8. Defendant Katie Rambeau is a director of Defendant New Covenant Community Church, Inc. Defendant Rambeau may be served at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056.

9. Defendant Jacqueline Hogancamp is a director of Defendant New Covenant Community Church, Inc. Defendant Hogancamp may be served at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056.

10. Defendant David Copeland is a director of Defendant New Covenant Community Church, Inc. Defendant Copeland may be served at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056.

11. Defendant Mary K. Copeland is the incorporator of Defendant New Covenant Community Church, Inc. Defendant Mary K. Copeland may be served at 6914 LaCenter Road, P.O. Box 218, LaCenter, KY 42056.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the Plaintiffs' federal claims pursuant to the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 because they raise federal questions pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this lawsuit occurred in Ballard County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

### A. Role of Each Defendant

14. Defendant Giles is an experienced police officer who was the elected Ballard County Sheriff at all times described herein.

15. In his capacity as Ballard County Sheriff, Defendant Giles is and was responsible for setting policy for the Ballard County Sheriff's Office in association with Defendant Ballard County Fiscal County, for training deputies, for overseeing the Sheriff's Department and the actions of its deputies, and for ensuring the Department and its deputies act in a lawful, ethical manner.

16. Defendant Ballard County Fiscal Court is responsible for providing for the safety of its citizens by, in part, ensuring that all citizens are treated equally under the laws of the Commonwealth of Kentucky and of the United States Constitution.

17. Defendant Branham is the Assistant Ballard County Attorney and is responsible for prosecuting certain crimes and for providing legal advice to local government officers and citizens of Ballard County regarding matters within her jurisdiction.

18. Defendant New Covenant Community Church is a non-profit corporation incorporated by Defendant Mary K. Copeland in June 2022 for the purpose of "start[ing] a church."

19. Defendants Rambeau, Hogancamp, and David Copeland have served as Directors of Defendant New Covenant Community Church since Defendant Mary K. Copeland incorporated the church

### B. The Hicks Operate the Church

20. In or about 1999, the Hicks took over as pastors of the church then known as Resurrection Fellowship Center, located at 6914 LaCenter Road, LaCenter, KY 42056.

21. The Church was operated by a non-profit corporation known as Resurrection Fellowship Center, Inc., which owned the property on which the Church operated.

22. On May 13, 2019, the Church was renamed the Resurrection Kingdom Center and the operating company was validly renamed the Resurrection Kingdom Center, Inc.

C. **After Over Two Decades, Prayer Led the Hicks to the Decision to Sell the Church**

23. After twenty-two years of service and with the Church showing no signs of growth, the Hicks began to consider closing the church, which led to a discussion with the Church's advisory board in November 2021 and a decision to start looking into the proper liquidation proceedings.

24. The Hicks prayed over the matter until May 11, 2022, when, after receiving guidance from their prayer that closure was the right step, they announced to the congregation that the Church would be liquidated and services would cease.

25. The Hicks saw some disappointment with the decision, but any reaction was mild.

26. Mr. Hicks offered to conduct a public session to discuss the decision with the few members of the congregation and the advisory board, but none expressed interested, so Mr. Hicks decided to continue with the liquidation proceedings.

27. Mr. Hicks also offered to conduct services for the remainder of May of 2022, but nobody expressed interest in attending future services and some congregants said they were not coming back.

28. Following the announcement on May 11, 2022, the Hicks obtained corporate counsel to ensure they complied with the appropriate bylaws and processes to shut down the church.

**D.     Certain Defendants Created Their Own Church and Conspired with the Government Defendants to Deprive the Hicks of the Church Property**

29.     On May 27, 2022, however, Defendants Rambeau, Hogancamp, David Copeland, and Mary K. Copeland held a business meeting without the Hicks present, at which time they voted to accept the Hicks' purported resignations and to change the name of Resurrection Kingdom Center to New Covenant Community Church.

30.     Shortly thereafter, upon information and belief, one or more of Defendants Rambeau, Hogancamp, David Copeland, and/or Mary K. Copeland met with Defendant Branham and Defendant Sheriff Giles to discuss their desire to assume control of the church property.

31.     On June 8, 2022, Defendant Sheriff Giles called Mr. Hicks and demanded that he attend a meeting at the Ballard County Sheriff's office.

32.     Defendant Sheriff Giles told Mr. Hicks that he could not close the Church or sell the property, stating frequently of the individual Defendants that "these people have rights" or similar words.

33.     During the meeting, Defendant Sheriff Giles presented Mr. Hicks with a letter written by Defendant Assistant County Attorney Branham demanding his keys to the building and threatening him with criminal prosecution if he entered the property based on the demonstrably false claim that he "do[es] not own" the property.

34.     Defendants Rambeau, Hogancamp, David Copeland, and Mary K. Copeland had not purchased or even offered to purchase the church property owned by Plaintiff Resurrection Kingdom Center, Inc.

35.     By that time, however, they had occupied the church property with the consent of Defendant Sheriff Giles and Defendant Assistant County Attorney Branham.

36. With other individuals occupying the property owned by his and his wife's company and out of which they had worked for over two decades, Mr. Hicks went to the Church to retrieve his and his wife's personal belongings, but he was denied entry.

37. Following the meeting, on or about June 14, 2022, Defendant Sheriff Giles and four deputies went to the property to oversee a locksmith as he changed the locks to the building such that the Hicks could not access it to retrieve their personal belongings.

38. On or about June 19, 2022, the Hicks met with the Resurrection Kingdom Center, Inc. officers, who agreed that the Hicks had never resigned as pastors or stepped down as officers of Resurrection Kingdom Center.

39. To the contrary, Resurrection Kingdom Center's Board of Trustees unanimously agreed that the meeting held by Defendants Rambeau, Hogancamp, David Copeland, and Mary K. Copeland on May 27, 2022 had served as their respective resignations, and that their memberships would be dissolved.

40. As such, on June 23, 2022, Defendant Mary K. Copeland incorporated Defendant New Covenant Community Church, Inc. with Defendants Rambeau, Hogancamp, and David Copeland as its directors.

41. The corporate attorney the Hicks hired to assist with the windup of the Church contacted Ballard County Attorney Kim Denton and advised that the Hicks were the rightful owners of the property.

42. Yet, the Hicks and Resurrection Kingdom Center, Inc. continue to be locked out of their rightful property because of Defendants' wrongful actions.

### E.     The Deeds Prove Plaintiffs Own the Property

43.    The deed to the church property shows that it is owned free and clear of any liens or unsatisfied interests by the previous Resurrection Fellowship Church, whose name was validly changed to Plaintiff Resurrection Kingdom Center, Inc., of which Plaintiffs Pamela Hicks and Richard Hicks are the directors.

44.    Thus, Defendants knew or should have known that Plaintiffs are the rightful owners of the church property.

45.    Yet, Defendants collectively continue to deprive the Hicks of their property without justification or compensation.

46.    Defendants continue to inhabit the property, depriving the Hicks of their right to liquidate the church and sell the property.

### F.     Defendants New Covenant and Its Directors Took Over Church Bank Accounts and Are Demanding Payment from Plaintiffs, Adding Insult to Injury

47.    The Hicks also have suffered financially as Defendant New Covenant Church and the individual Defendants took possession of the Resurrection Kingdom Center bank accounts, some of which included personal contributions from the Hicks.

48.    Defendants New Covenant and the individual Defendants have even tried to force the Hicks to pay the pre-existing debts accrued by Resurrection Kingdom Center personally when the bank accounts they hijacked no longer had sufficient funds.

49.    The Hicks have suffered legal fees as well as significant emotional pain and trauma as a result of Defendants' illegal denial of their prayer-based business plan and taking of their property.

50. As a direct, foreseeable, and proximate result of Defendants' wrongful actions, the Hicks have suffered pecuniary losses in the form of legal fees as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### TAKING WITHOUT JUST COMPENSATION IN VIOLATION OF THE FIFTH AMENDMENT VIA 42 U.S.C. § 1983

**(Defendants Giles, Branham, and Ballard County Fiscal Court)**

51. The Hicks reallege and incorporate herein the allegations contained in Paragraphs 1 – 50.

52. Defendants Sheriff Giles, Assistant County Attorney Branham, and Ballard County Fiscal Court, while acting as government officials, deprived the Hicks of access to and control over their real property.

53. Defendants Sheriff Giles and Assistant County Attorney Branham, with the funding and support of Defendant Ballard County Fiscal Court, used threats of arrest and prosecution to restrict the Hicks from the property and to shift physical possession and control of the property to Defendants New Covenant Community Church, Inc., Rambeau, Hogancamp, David Copeland, and Mary K. Copeland.

54. The Hicks are entitled to full and just compensation for the unlawful taking of their property and property rights, including the fair value of the property taken.

55. The Hicks were injured and suffered damages as a result of Defendants' actions.

## COUNT II

### CONSPIRACY TO DEPRIVE PLAINTIFFS OF THEIR
### CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985(3)

### (All Defendants)

56. The Hicks reallege and incorporate herein the allegations contained in Paragraphs 1 – 55.

57. Defendants knew or should have known that the Hicks were the rightful owners of the Resurrection Kingdom Center property based on the publicly-filed deeds.

58. Defendants, upon information and belief, conspired to deprive the Plaintiffs of their property rights, depriving them of their equal privileges and immunities under the law.

59. Defendants acted in concert and in furtherance of the conspiracy to deprive the Plaintiffs of their property by falsely claiming the non-governmental Defendants owned the property and by preventing the Hicks from accessing and enjoying the use of their property.

60. Defendants engaged in their conspiracy to further their animus for Plaintiffs' prayer-based approach to deciding that liquidation of the church was the proper act.

61. The Hicks were injured and suffered damages as a result of Defendants' actions.

## COUNT IIII

### GOVERNMENT INFRINGEMENT UPON FREEDOM OF
### RELIGION IN VIOLATION OF KY. REV. STAT. § 446.350

### (Defendants Giles, Branham, and Ballard County Fiscal Court)

62. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 59.

63. Plaintiffs, acting upon their sincerely held religious beliefs, relied upon prayer until God told them they should close the church and cease services.

64. Defendants Sheriff Giles, Assistant County Attorney Branham, and Ballard County Fiscal Court stepped in to take Plaintiffs' property and convey it to the non-governmental Defendants for continued operation as a church, denying Plaintiffs' prayer-guided use of the property.

65. Plaintiffs, as result of Defendants' burden on their religious belief and practice, were and still are unable to act in a manner motivated by their sincerely held religious beliefs.

66. Defendants continue to place a substantial burden upon Plaintiffs' sincerely held belief by excluding them from access to the church property that they rightfully own.

67. Defendants have wrongfully and intentionally deprived the Plaintiffs of their property and harassed and retaliated against them in a manner that is substantially burdensome.

68. Plaintiffs were injured and suffered damages as a result of Defendants' actions.

## COUNT IV

### CONVERSION

**(Defendants Giles, *individually,* New Covenant Community Church, Inc., Rambeau, Hogancamp, David Copeland, and Mary K. Copeland)**

69. The Hicks reallege and incorporate herein the allegations contained in Paragraphs 1 – 68.

70. Plaintiff Resurrection Kingdom Center, Inc. owns legal title to the property Defendants now inhabit.

71. The Hicks, as directors of Plaintiff Resurrection Kingdom Center, Inc., paid all appropriate charges or monies owed on the property during the twenty-two-year tenure of their church congregation.

72. Defendants knew the Hicks intended to liquidate the church and took the property from the Hicks to prevent the liquidation process.

73. Defendants refused to permit the Hicks to dispose of their property in a manner that recouped the funds they invested in it by changing the locks and depriving the Hicks of control of their property.

74. Defendants intend to remain on the property to their own benefit, depriving Plaintiffs of their right to sell the property, resulting in financial loss and continued harm.

75. Additionally, Defendants took control of bank accounts and personal property belonging to the Hicks when they took over the church property, resulting in additional financial losses to the Hicks.

76. The Hicks were injured and suffered damages as a result of Defendants' actions.

## COUNT V

## FRAUD

**(Defendants New Covenant Community Church, Rambeau, Hogancamp, David Copeland and Mary K. Copeland)**

77. The Hicks reallege and incorporate herein the allegations contained in Paragraphs 1 – 76.

78. Defendants New Covenant Community Church, Rambeau, Hogancamp, David Copeland, and Mary K. Copeland falsely represented to Ballard County authorities that they were the rightful owners of the church property.

79. Those Defendants intended for government officials to rely upon their false statements and allow them to fraudulently convert the property with no intention of returning it to the Hicks.

80. The Hicks were injured and suffered damages as a result of Defendants' actions.

## COUNT VI

### CIVIL CONSPIRACY

### (All Defendants)

81. The Hicks reallege and incorporate herein the allegations contained in Paragraphs 1- 80.

82. Defendants Giles and Branham conspired with Defendants Rambeau, Hogancamp, David Copeland, and Mary K. Copeland to use and convert the Hicks' property, and to conceal the fact that the Hicks rightfully own the property, depriving the Hicks of their use and enjoyment of the property, all to the benefit of the Defendants.

83. The Hicks have been damaged by the civil conspiracy between Defendants Giles, Branham, Rambeau, Hogancamp, David Copeland, and Mary K. Copeland, and the Hicks are entitled to recover compensatory damages.

84. Defendants Giles, Rambeau, Hogancamp, David Copeland, and Mary K. Copeland should be made to pay punitive damages for the inexcusable conduct described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. That Defendants be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Plaintiffs be awarded judgment for damages of the financial losses incurred due to these events, in an amount to be proven at trial;

4. That Plaintiffs be awarded additional compensatory damages, including but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

5. That the Court award Plaintiffs punitive damages;

6. That Plaintiffs be awarded the fair market value of the property from the time Defendants began their occupancy of the property until the resolution of this cause;

7. That the Court order injunctive relief returning the property to Plaintiffs;

8. That the Court award Plaintiffs their costs and attorney's fees to be assessed against Defendants, jointly and severally, pursuant to 42 U.S.C. § 1988;

9. That costs and discretionary costs be taxed against Defendants, jointly and severally;

10. That pre-Judgment and post-Judgment interest be assessed against Defendants, jointly and several, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

  /s D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
            TN BPR # 021714
            IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice: (270) 443-9401
Fax:    (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Pamela and Richard Hicks and*
*Resurrection Kingdom Center, Inc.*