UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

PAMELA HICKS, ET AL.                                        PLAINTIFFS

v.                                                  No. 5:23-cv-19-BJB

SHERIFF RONNIE GILES, ET AL.                               DEFENDANTS

ORDER

    This case concerns a dispute between a lay pastor and his former parishioners regarding control of their church's board of trustees and its property. During a hearing on the Defendants' motions to dismiss (DNs 5, 12), the Court dismissed the Plaintiffs' federal takings and civil-rights conspiracy claims. *See* DN 23 (March 18, 2024); U.S. CONST. amends. V, IV; 42 U.S.C. § 1985(3). State-law claims concerning conversion, fraud, religious liberty, and civil conspiracy, however, remained undecided and unbriefed. So the Court ordered the parties to discuss the status of those allegations and offer their recommendation regarding the appropriate path forward. *Id.*

    As the joint status report explains, all the parties are citizens of Kentucky and no federal claims remain, so the only potential basis for ongoing federal jurisdiction is "supplemental" jurisdiction—which is discretionary under these circumstances. DN 25; 28 U.S.C. § 1367(c). The parties agree that federal supplemental jurisdiction would be suboptimal in this state-law property dispute; accordingly, they have asked the Court to decline to exercise jurisdiction over "Plaintiffs' state-law claims to permit Plaintiffs to pursue any state-law claims in state court, if they choose to do so." DN 25.

    The supplemental-jurisdiction statute, 28 U.S.C. § 1367(c)(3), "provides that a district court 'may' (rather than must) decline to exercise jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). But declining to exercise supplemental jurisdiction is generally preferred "when a federal court dismisses all pending federal claims before trial," as was the case here. *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021). Considerations of "'judicial economy, convenience, fairness, and comity' …. usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254–55 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). This

case was not remanded; it was filed initially in federal court.  So the appropriate course, given the law's presumption and the parties' preference for state court, is to decline supplemental jurisdiction and dismiss the remaining claims without prejudice to the Plaintiffs reasserting them in state court.

Benjamin Beaton, District Judge

United States District Court

April 29, 2024